[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #105 MOTION TO STRIKE
The defendant in the instant action has moved to strike the plaintiffs substitute pleading dated November 27, 2001 on the ground that the pleading was untimely.
The defendant asserts that on November 5, 2001, a judge of the Superior Court granted its prior motion to strike the plaintiffs' count sounding in a violation of the Connecticut Unfair Trade Practices Act and another count sounding in a violation of the Connecticut Unfair Insurance Practices Act. The defendant further asserts that the plaintiffs had fifteen days from the granting of the defendant's motion to strike to serve and file a substituted pleading but failed to do so. Furthermore the defendant asserts that the plaintiffs were required to obtain the leave of the Court or the consent of the defendant before they could file a new pleading after the fifteen day period had expired yet the plaintiff failed to do either. Section 25-21 of the Practice Book concerns substitute pleadings after a Motion to Strike has been granted. This section provides that:
 Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the judicial authority may upon motion enter judgment against said party on said stricken complaint or cross complaint.
On November 27, 2001, the Plaintiffs filed a substitute pleading in which they once again pleaded a violation of CUTPA and CUIPA. CT Page 1215
By way of a pleading filed December 4, 2001, the defendant moved for judgment as to Counts II and III of the Plaintiff's Complaint for reason that the Plaintiff did not file a new pleading within fifteen days of the Court granting the Motion to Strike.
The Plaintiffs' Amended Complaint was filed on November 27, 2001, and the defendant has not asserted that the filing of the pleading after the expiration fifteen-day time period, but before the defendant's Motion for Judgment was filed, has prejudiced it in anyway. This Court will therefore view the November 27, 2001 pleading as the operative complaint.
The defendant has moved to strike the plaintiffs' substitute pleading (Counts II and III). Section 10-39 of the Connecticut Practice Book provides in pertinent part that:
 (a) Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . [T]hat party may do so by filing a motion to strike the contested pleading or part thereof.
Whereas the defendant has filed a motion to strike, a brief review of recent case law on Motions to Strike is warranted:
A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Vacco v. Microsoft Corp., 260 Conn. 59, 64-65, 793 A.2d 1048 (2002). Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly. Parsons v. United Technologies Corp., 243 Conn. 66, 83, 700 A.2d 655
(1997). CT Page 1216
Macomber v. Travelers Property Casualty Corp., 261 Conn. 620, 629
(2002).
In the Second Count of the Amended Complaint dated November 27, 2001, the plaintiff asserts in pertinent part that:
 9. The Defendant, Allstate Insurance Company, engaged in trade and commerce in contracting with the Plaintiffs to provide a homeowner's policy in consideration for premiums paid by Plaintiffs.
 10. On or about May 31, 2000, the Plaintiffs, as policy owners, filed a Proof of Loss with the defendants.
 11. On several occasions thereafter, the plaintiffs demanded payment for their loss and/or damage as a result of the water leak which occurred on April 20, 2000. The Defendant ignored the Proof of Loss and only responded after the Plaintiff enlisted the assistance of the Connecticut Insurance Commissioner.
 12. . . . Defendants have not honored Plaintiffs claim.
 13. The Defendant's continuing failure to honor and settle Plaintiffs claim for loss and/or damage sustained as a result of the water damage as required by the insurance policy is an immoral, unethical, oppressive or unscrupulous act and constitutes a violation of the Connecticut Unfair Trade Practices Act . . .
 14. Said failure of the Defendant to honor and settle the Plaintiffs' claim is a general business practice of the Defendant.
The defendant asserts that the Plaintiffs CUTPA allegations are legally insufficient.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: CT Page 1217 (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . .
Journal Publishing Co. v. Hartford Courant Co., 261 Conn. 673, 695
(2002).
In accordance with the standard of review for a Motion to Strike, this Court assumes the truth of the allegations of the Amended Complaint and construing the complaint "broadly rather then narrowly, this Court finds that the allegations sufficiently state a cause of action pursuant to the Connecticut Unfair Trades Practices Act.
The defendant also asserts that the CUTPA Count of the Amended Complaint is flawed for reason that it only alleges a single act. However, while there is a split of authority on this issue, a majority of Superior Court decisions have come to the conclusion that a plaintiff does not need to allege more that a single act in for to bring an action under CUTPA.
The majority of superior court decisions have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA. Slitz v. Pyramid Custom Home Corp. of Ct., Superior Court, judicial district of Danbury, Docket No. 323247 (April 4, 1997, Stodolink, J.). See, e.g., Abrams v. Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998. Skolnick, J.); Four Beaches Condominium Assn. V.W.C. Brescia Plumbing and Heating, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (May 23, 1997, Licari, J.); Michael J Stula Agency v. Wasnewski, Superior Court, judicial district of New London at New London, Docket No. 526137 (January 22, 1994, Austin, J.); Levesaue v. Kris Enterprises,
Superior Court, judicial district of Litchfield, Docket No. 053776 (May 20, 1991, Susco, J.); Metpath,CT Page 1218 Inc. v. IDS Corp., Superior Court, judicial district of Hartford/New Britain at New Britain (March 12, 1991, Aronson, J).
Kane v. Neveleff, 2002 Ct. Sup. 9589 (Jul. 11, 2002, Arnold, J)
The defendant asserts that this count should be stricken for reason that "a private cause of action does not exist under CUIPA." However, the Plaintiffs in this matter have brought an action sounding in both CUTPA and CUIPA. Out our Supreme Court has by way of dicta held that a plaintiff may proceed with an action sounding in CUIPA when they are using said claim as a vehicle through which to bring a CUTPA Count.
 As an alternate ground to strike count five of the plaintiffs' complaint, the defendants assert that CUIPA does not provide for a private cause of action. Because we read the plaintiffs' CUIPA count as a vehicle through which to bring a CUTPA claim, rather than as a stand alone claim, we need not address this issue.
 Macomber v. Travelers Property Casualty Corp.,261 Conn. 620, 653 (2002) at fn 14.
For all of the foregoing reasons the defendant's Motion to Strike is denied.
___________________ Richard A. Robinson January 19, 2003 CT Page 1219